```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
TECHNO-TM, LLC,

                Plaintiff,           OPINION AND ORDER

        -against-
                                     12 Civ. 4137 (MGC)

FIREAWAY, INC.,

                Defendant.

----------------------------------X

APPEARANCES:

        WHITMAN BREED ABBOTT & MORGAN LLC
        Attorneys for Plaintiff
        50 Main Street, Suite 1000
        White Plains, New York 10606

        By:  Gerard N. Saggese III, Esq.


        LAW OFFICES OF IRA DANIEL TOKAYER, ESQ.
        Attorneys for Defendant
        405 Lexington Avenue, 7th Floor
        New York, New York 10174

        By:  Ira Daniel Tokayer, Esq.
```

**Cedarbaum, J.**

Techno-TM LLC ("Techno-TM") brings this breach of contract action against Fireaway, Inc. ("Fireaway"). The sole basis for federal jurisdiction is diversity of citizenship. For the reasons that follow, Techno-TM's complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Techno-TM filed its complaint on May 24, 2012, and asserted jurisdiction under 28 U.S.C. § 1332(a). As relevant here, Section 1332(a) authorizes jurisdiction over civil actions between "citizens of different States" and "citizens of a State and citizens or subjects of a foreign state." Diversity jurisdiction requires that "all adverse parties to a litigation are completely diverse in their citizenships." Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001).

On July 13, 2012, Fireaway filed a motion to dismiss the complaint on the ground that Techno-TM had failed to plead sufficient facts to establish subject matter jurisdiction. On July 17, 2012, the parties appeared for an initial pretrial conference, and Techno-TM was directed to submit information on the citizenship of its members. Because Techno-TM is a limited liability company, its citizenship for diversity purposes is the citizenship of its members. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 52-53 (2d Cir. 2000). Each

member's citizenship is determined as of the time this action was commenced on May 24, 2012.  Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

Following the conference, on July 20, 2012, Techno-TM submitted a letter naming its four members as Maryann Huhs, Roy Huhs, Jr., John Huhs, and Michael Huhs.  The letter represented that Maryann, Roy, and John resided and made their homes in the State of Washington, and Michael in Illinois, both at the time of the letter and at the time the action was brought.

Meanwhile, on July 16, 2012, Techno-TM, along with several other entities and Maryann and Roy Huhs individually, were sued in Washington State court.  On July 30, 2012, just ten days after Techno-TM wrote to this court, the defendants in the Washington action filed a notice of removal to federal court in the Western District of Washington on the basis of diversity jurisdiction.  Belikov v. Huhs, No. 12 Civ. 1286 (TSZ) (W.D. Wash. 2012).  The notice of removal stated: "Defendants Maryann Huhs and Roy E. Huhs, Jr. are U.S. citizens who resided in Costa Rica through February 2012, and have not established a state of permanent residence in the United States.  They own property and currently are domiciled in Washington, but are registered to vote in Nevada and are principals of companies whose principal places of business are in Nevada."

After counsel for Fireaway submitted a letter highlighting the inconsistent statements about Maryann and Roy Huhs' citizenship, the parties appeared at a second conference on August 9, 2012.  The parties were ordered to exchange initial disclosures and inform me when the issue of citizenship had been resolved by the Washington District Court.  Several days later, on August 15, 2012, the defendants in the Washington action amended their notice of removal to abandon their claim of jurisdiction based on diversity of citizenship and to assert federal question jurisdiction instead.  The court in Washington remanded the case to state court for lack of federal question jurisdiction, and thus the issue of the citizenship of Maryann and Roy Huhs was not decided.

Techno-TM has now submitted affidavits by Maryann and Roy Huhs in support of its position that both were citizens of Washington when this action was filed on May 24, 2012.

**DISCUSSION**

"[I]rrespective of how the parties conduct their case, the courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits."  <u>Wight v. BankAmerica Corp.</u>, 219 F.3d 79, 90 (2d Cir. 2000).  In this case, there is no dispute that John Huhs and Michael Huhs are citizens of Washington and Illinois, respectively, and that Fireaway is a citizen of Delaware and Minnesota.  Whether

4

federal jurisdiction exists hinges on the citizenship of Maryann and Roy Huhs.  Techno-TM, as the party invoking federal jurisdiction, bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. <u>Aurecchione v. Schoolman Transp. Sys. Inc.</u>, 426 F.3d 635, 638 (2d Cir. 2005).

    Citizenship is measured by domicile, which is the place a person has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  <u>Linardos</u>, 157 F.3d at 948 (internal quotations omitted).  To change domicile, a party must have both a residence in a new domicile and an intention to remain there.  <u>Id.</u>

    United States citizens domiciled abroad "are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties."  <u>Herrick</u>, 251 F. 3d at 322 (internal quotations omitted).  Thus, if Maryann and Roy Huhs had not established a new domicile in a state of the United States by May 24, 2012 after returning from Costa Rica, there is no diversity jurisdiction in this action.

    In determining domicile and thus citizenship, courts may consider evidence, such as affidavits, of the facts on which

jurisdiction rests.  Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004) (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).  Where there is evidence of multiple residences, a court "should focus on the party's intent," ascertained by examining "the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent." Gutierrez v. Fox, 966 F. Supp. 214, 217 (S.D.N.Y. 1997) (internal quotations omitted).  To determine citizenship, courts consider factors including voting registration, employment, current residence, location of real and personal property, location of spouse and family, driver's license, automobile registration, tax payment and addresses, and location of a person's bank account and physician.  Id.

Both Maryann and Roy Huhs have submitted affidavits, swearing that Washington was their state of permanent residence and the place to which they intended to return when away at the time this action was commenced.  They attest that they resided on Mercer Island, Washington, had family, property, and bank accounts in Washington, used accountants, doctors, dentists, and financial advisors in Washington, registered their vehicles in Washington, and were members of social clubs in Washington.  Roy was licensed to practice law in Washington, was a hearing examiner and arbitrator in Washington, and had cars registered in Washington.

These representations are of lesser import given that it is not contested that Maryann and Roy Huhs lived in Washington for quite some time prior to the years immediately preceding this lawsuit.  But in July of 2010, the Huhses moved from Washington to Nevada, and rented an apartment in Las Vegas because they were considering the area for their retirement.  Changing their mind, they applied for residency in Costa Rica, which they were granted in December 2010.  The Huhs' affidavits establish that some key connections were in fact <u>not</u> associated with Washington at the time this action was filed.  Although Maryann had a Washington driver's license, Roy did not, and both Maryann and Roy were registered to vote in Nevada.

The Huhs' affidavits state that they decided to return to Washington from Costa Rica in December of 2011, and listed their house in Costa Rica for sale in January of 2012.  Oddly, given the importance of the issue, the affidavits do not affirmatively state when the Huhses left Costa Rica or arrived in Washington.  It is clear from emails submitted by Techo-TM that at least a month before this suit was filed in May of 2012, the Huhses were present in Washington.  But the statement to the Washington District Court in July of 2012 -- while this action was pending in this court in the Southern District of New York -- that Maryann and Roy Huhs "have not established a state of permanent residence in the United States" completely undermines the Huhs'

7

representation that they had established a residence in Washington and saw it as the location they would return to after being away.[1]  The affidavits show that they had retired to Costa Rica, and lived there for at least a year.  The representation to the Washington federal court that they had not yet established a state of permanent residence is in complete conflict with the representation to this court that the Huhses had changed their domicile from Costa Rica to Washington.  See Hakkila v. Consol. Edison Co. of New York, Inc., 745 F. Supp. 988, 990 (S.D.N.Y. 1990) ("An old domicile continues, despite a change of residence, until there is an intent to create a new home.").

The Huhs' assertion that they were citizens of Washington at the time that this action was brought is particularly undermined by the fact that in several lengthy submissions by Techno-TM, nothing has ever been offered to explain the statement made to the Washington court.  That it was a statement made by counsel, and not an affidavit by Maryann or Roy Huhs, is of no moment because counsel must have gotten the information

---

[1] The removal notice also states that the Huhses "currently are domiciled in Washington."  This statement is in tension with the notice's other statements that the Huhses had no permanent residence in the United States and had connections with Nevada, since domicile includes both residence and an intent to remain at that residence.  It seems the word domicile, as used in the notice, was given its colloquial, rather than legal, meaning.

from the Huhses themselves.  It is also troubling that the Huhses took such drastically different positions before two different district courts in the span of only ten days -- on July 20 to this court, and on July 30 to the court in Washington.  When the Huhses wanted the court to accept jurisdiction of this case, they represented that they were citizens of the State of Washington.  Ten days later, when it would have helped them remove a Washington State case to federal court, they represented they were not citizens of the State of Washington, because they could not have removed that case if they were.  See 28 U.S.C. § 1441(b)(2).  Furthermore, Roy Huhs is admitted to the bar in Washington, and thus he must have understood the implications of what was being said to each court.  Although the defendants in the Washington action eventually amended their notice of removal, they did so only after the matter was brought to my attention.

My conclusion is reinforced by the principles of judicial estoppel, a doctrine that prevents parties from taking inconsistent positions when different positions are to their advantage.  The Supreme Court has recognized that the doctrine's purpose is "to protect the integrity of the judicial process," by "prohibiting parties from deliberately changing positions according to the exigencies of the moment."  New Hampshire v. Maine, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968

(2001) (internal quotations omitted).  It is an "equitable doctrine invoked by the court at its discretion," and while courts often look to several factors to determine whether to apply the doctrine, it is neither inflexible nor reducible to "any general formulation of principle."  Id. at 750-51 (internal quotations omitted).  Representing directly opposite facts to two different federal district courts in the span of ten days is an affront to the integrity of the judicial process.

Techno-TM argues that principles of judicial estoppel cannot apply to questions of subject matter jurisdiction, and it therefore cannot be bound by the Huhs' statement in the Washington removal notice.  Indeed, the Second Circuit has urged caution in considering whether the doctrine of judicial estoppel applies to matters affecting federal subject matter jurisdiction.  Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC, 232 F.3d 79, 82 (2d Cir. 2000); Wight, 219 F.3d at 89-90.  But the rationale of this guidance is as follows:  "Subject-matter jurisdiction . . . functions as a restriction on federal power, and contributes to the characterization of the federal sovereign.  Certain legal consequences directly follow from this.  For example, no action of the parties can confer subject-matter jurisdiction upon a federal court.  Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to

challenge jurisdiction early in the proceedings." <u>Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) (internal citations omitted).

Here, the Huhs' inconsistent statements are used to help determine whether or not the facts establish that they were domiciled in Washington. This does not present the concern of using a party's statement to conclusively establish or defeat subject matter jurisdiction. Moreover, the Second Circuit has recently observed that it has "never held, however, that judicial estoppel can never apply to matters affecting subject matter jurisdiction." <u>Intellivision v. Microsoft Corp.</u>, 484 Fed. App'x 616, 621 (2d Cir. 2012) (summary order).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated:   New York, New York
         February 20, 2013

                                      S/_____
                                         MIRIAM GOLDMAN CEDARBAUM
                                         United States District Judge